## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| HENRY JAMES HOLMES, | No. ED CV 22-01102-DOC (DFM) |
| Plaintiff, | Order of Dismissal |
| v. | |
| ROBERT FORMAN et al., | |
| Defendants. | |

## I.    INTRODUCTION

On June 30, 2022, Plaintiff Henry James Holmes, a Pennsylvania resident proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. See Dkt. 1 ("Complaint"). The Complaint arises from events surrounding Plaintiff's 2000 arrest and conviction in California for assault with intent to commit rape. Liberally construed, it asserts that several Riverside Police Officers falsely arrested and imprisoned him based on fabricated evidence. It names as Defendants former and current Riverside Police Officers Robert Forman, B. Smith, D. Corbett, Abel Soria, and H. Baker, each in his individual capacity. See id. at 3-4.[1]

In accordance with 28 U.S.C. § 1915(e)(2), the Court must screen the

---

[1] On August 12, 2022, the Court granted Plaintiff's request to proceed in forma pauperis. See Dkt. 4.

Complaint before ordering service of process for purposes of determining whether the action is frivolous or malicious; fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief.

## II.   STATE-COURT PROCEEDINGS

On June 1, 2000, Plaintiff pleaded guilty to assault with intent to commit rape pursuant to a plea agreement that provided a prison sentence of 2 years. People v. Holmes, 32 Cal. 4th 432, 437 (2004); People v. Holmes, No. E027589, 2001 WL 1386192, at *1 (Cal. Ct. App. Nov. 8, 2001). As part of the plea agreement, Plaintiff also pleaded guilty to two infractions—operating a taxi without a license and failure to appear in court—arising from two unrelated cases. See 2001 WL 1386192, at *1 n.2. Plaintiff was sentenced to the agreed-upon term 2 years in prison. See id. at *1.

On June 15, 2000, Plaintiff wrote a letter to the trial court requesting to withdraw his plea based on his counsel's alleged misadvisement about the credit he would receive in the state prison for time served. See id. On July 24, 2000, his counsel declared a conflict of interest and asked to be relieved. See id. The trial court relieved her and appointed special counsel to assist Plaintiff with his motion to withdraw his plea. See id. At the hearing, however, the special counsel withdrew the motion because Plaintiff had begun to serve his sentence and the trial court no longer had jurisdiction over the motion. See id.

On appeal, Plaintiff argued that the trial court failed to establish a sufficient factual basis for his guilty plea and failed to perform the independent inquiry required under California law to satisfy itself that a factual basis for the plea existed. See id. Plaintiff also argued that he must be permitted to withdraw his plea because he was misadvised about credits he would receive in state prison. See id. at *2. Nonetheless, the judgment was affirmed by the California Court of Appeal, see id. at *2-3, whose judgment was in turn

affirmed by the California Supreme Court in a published decision, see Holmes, 32 Cal. 4th at 443.

### III.   SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges the following. On March 24, 2000, Officer Forman, acting without probable cause, issued a citation charging Plaintiff with misdemeanor sexual battery. See Complaint at 7. The alleged victim "refused to be checked by doctors for any injuries." Id. Officer Forman wrote a "false initial" police report, and Officers B. Smith and D. Corbett "fabricated a suppl[emental] police report" stating that the alleged victim was transported to the hospital, which was false. Id. at 2, 7.[2]

On March 28 and April 2 and 9, 2000, Officer H. Baker, also acting without probable cause, issued three citations for issues with Plaintiff's truck: for its having tinted windows, for its having an air freshener hanging from the center rearview mirror, and for Plaintiff's using it to operate an illegal taxi service. See id. at 4. The three citations were issued to Plaintiff "for filing misconduct complaints against" Officer Baker. Id. The truck was impounded under California's abandonment laws. See id.

On May 8, 2000, Officer Forman arrested Plaintiff "without probable cause" on felony assault and battery charges, although "on [a] cour[t] warrant." Id. at 3. Plaintiff entered into a plea agreement, but the agreement was invalid, Plaintiff alleges, because there was "no mandatory probation report presented to [the] court before sentencing," the trial court "failed to

---

[2] Plaintiff attaches a partially-redacted Riverside Police Department Initial Report dated March 24, 2000. See Complaint at 9. According to the victim, Plaintiff touched her breast and pelvic area, grabbed the back of her neck, and tried to force her head down to his exposed penis. See id. A follow-up interview with the victim at her residence confirmed the incident in greater detail. See id. at 10.

stipulate to a medical report," and Plaintiff "did not receive half-time credits as promised by [his] trial attorney." Id. at 10.

On April 28, 2022, Officer Soria obstructed justice and denied Plaintiff fundamental rights by "refusing to remove false sex charges from [Plaintiff's] criminal record." Id. at 7; see also id. at 5 (Petition to Seal and Destroy Adult Arrest Records).

Plaintiff requests "relief . . . for 4 counts of false arrest," including once in 2014 in the state of Pennsylvania; "relief for defamation of character, relief for all sex charges on [his] record"; that his name be restored to "the Riverside County Housing list"[3]; "relief for all Megan's Law registration in both" California and Pennsylvania; "relief for unlawful detainment in both states"; "relief for loss of wages from the Riverside School District, punitive damages, compensatory damages for mental stress, relief for denial of employment and Section 8 housing"; and "relief for CDC [California Department of Corrections] sending [him] to some prison [drug and alcohol] treatment facility." Id. at 8.

## IV.  STANDARD OF REVIEW

The following standards govern the Court's screening of the Complaint. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United

---

[3] The Court has also reviewed Plaintiff's Request to Be Placed Active back on Riverside County Housing Authority List in the Spot It Was Placed and the documents attached thereto. See Dkt. 5.

States, 915 F.2d 1242, 1245 (9th Cir. 1989). Since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. See id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. See Cato, 70 F.3d at 1105-06.

## V.   DISCUSSION

### A.   Plaintiff's Claims are Barred by the Statute of Limitations

Plaintiff's § 1983 claims are time-barred by the statute of limitations. In determining the timeliness of § 1983 claims, federal courts borrow the statute of limitations and tolling rules that are applicable to personal-injury claims in the forum state. See TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). In California, the statute of limitations for a personal injury claim is 2 years. See Cal. Civ. Proc. Code § 335.1. Incarceration allows a plaintiff to toll the statute of limitations for up to an additional 2 years. See Cal. Civ. Proc. Code § 352.1. A § 1983 claim accrues when plaintiff "knows or has reason to know of the injury which is the basis of the action." Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991) (citation omitted). Accordingly, Plaintiff had up to 4 years from the date that he knew or had reason to know of his injuries to file his claims.

The conduct that caused Plaintiff's alleged injuries took place in 2000, and Plaintiff began serving his 2-year sentence in 2000. See Holmes, 2001 WL 1386192, at *1. Plaintiff alleges that his injury has continued in recent years because he has been required to register as a sex offender, has received death threats from his neighbors concerning his sex-offender status, and was arrested in Pennsylvania in 2014 for failure to maintain proper registration. See Complaint at 3, 8, 13; Dkt. 5 at 5; Holmes v. Cisneros, No. 21-2127 (C.D. Cal. petition filed Dec. 20, 2021), Dkt. 1 at 29-30 (alleging arrest at gunpoint from his apartment in Pennsylvania in 2014 due to failure to report his new address to the Pennsylvania state police within 48 hours of moving). However, none of these later events have shed any new light on the conduct of Defendants that Plaintiff alleges violated his rights. In other words, as of more than 20 years ago, Plaintiff knew or should have known everything he knows now about the

alleged conduct that is the basis of his action. Consequently, Plaintiff's § 1983 claims fall well outside the 4-year limitations period and are time-barred.

Pro se litigants are generally entitled to notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, where amendment would be futile, a complaint may properly be dismissed without leave to amend. See McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir. 2004). Plaintiff's § 1983 claims are time-barred by the statute of limitations and are not capable of being cured by amendment. See Lopez, 203 F.3d at 1130-31.

**B.    Plaintiff's Claims are Also *Heck*-Barred**

Plaintiff's claims are also barred by the rule established in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court addressed the question "whether a state prisoner may challenge the constitutionality of his conviction under 42 U.S.C. § 1983," id. at 478, and held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87; see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (holding that Heck doctrine applies regardless the relief sought if success in action would necessarily demonstrate invalidity of confinement or its duration).

Plaintiff's claims are barred by Heck. Plaintiff was convicted of assault with the intent to commit rape and other offenses. See Holmes, 32 Cal. 4th at 443. Plaintiff now seeks damages and equitable relief for his arrests, imprisonment, sex-offender registration, the impoundment of his truck, and the denial of a recent petition to seal and destroy arrest records. See Complaint at 5, 8. Judgment in his favor would require a finding that there was no probable cause for his arrests and an insufficient factual basis for his guilty plea, which would undermine the validity of his conviction. Accordingly, these claims may not be brought in a § 1983 action unless he establishes that the conviction was reversed, expunged, declared invalid, or called into question by the issuance of a federal writ of habeas corpus. See Heck, 512 U.S. at 486-87. The allegations in the Complaint do not establish that any of these events has occurred. Therefore, his § 1983 claims must be dismissed.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

## VI.    ORDER

Reference of this matter to the Magistrate Judge is VACATED.

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims are dismissed with prejudice as barred by the statute of limitations and the rule of Heck v. Humphrey, 512 U.S. 477 (1994).

Judgment shall be entered accordingly.

Dated: January 19, 2023

_____
DAVID O. CARTER
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge